United States District Court
District of Massachusetts

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER PONZO, ET AL.,<br><br>Defendants. | Criminal Action No.<br>22-10094 |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court are two motions related to sentencing in this case: 1) the government's motion for forfeiture against defendant Joseph Ponzo ("Joseph") and the motion of defendant Christopher Ponzo ("Christoper") for release and a stay of forfeiture pending appeal.  For the reasons that follow, the government's motion will be allowed, and Christopher's motion will be denied.

I.    **Background**

In November, 2024, brothers Christopher and Joseph Ponzo (collectively, "defendants") pled guilty to multiple fraud charges in connection with a bribery and kickback scheme involving the "Mass Save" program, which collects surcharges on Massachusetts utility bills to fund energy conservation projects.

Christopher was the owner of CAP Electric, Inc., ("CAP Electric") an electrical contracting company that performed energy conservation work. Beginning in 2013, he engaged in a scheme to secure Mass Save contracts by paying bribes to employees at CLEAResult, a company that administered the Mass Save program by approving, selecting and overseeing contractors to work on the energy conservation projects. In 2014, Christopher entangled his brother, Joseph, in the scheme. Christopher and Eric Darlington ("Darlington"), a CLEAResult employee whom Christoper was bribing, helped Joseph establish Air Tight Solutions, LLC ("Air Tight") as a Mass Save contractor despite Joseph's lack of experience in air sealing work.

Both Christopher and Joseph bribed CLEAResult employees in return for Mass Save contracts and favorable treatment. To cover his portion of the bribes, Joseph made payments from Air Tight to Christopher and CAP Electric and categorized them as "subcontractor" business expenses. Christopher would then coordinate the payments to the CLEAResult employees. From 2013 to 2017, Christopher made weekly $1,000 cash payments and provided additional high-value items, including a John Deere tractor, bathroom fixtures, outdoor light fixtures and electrical work at Darlington's home. After Darlington was fired from CLEAResult in 2017, defendants moved on to bribe another CLEAResult employee, Peter Marra ("Marra"). Defendants

-2-

bribed Marra with cash and gift cards in exchange for preferential treatment, such as advance notice of inspections and audits.

In total, CAP Electric and Air Tight received approximately $36 million and $7.4 million in Mass Save contract revenue, respectively.

## II. Motion for Forfeiture

The government moves that this Court enter a forfeiture money judgment order, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b), in the amount of $3,600,000. That amount was determined to constitute the net profit earned by Joseph Ponzo's company, Air Tight, between 2015 and 2019.

The subject statute renders real or personal property subject to forfeiture if it "constitutes or is derived from proceeds traceable to" a defendant's crimes. The First Circuit Court of Appeals ("First Circuit"), like other circuits, applies a "but-for" test to determine if property constitutes forfeitable "proceeds" of a defendant's crimes. United States v. Anguilo, 897 F.2d 1169, 1213 ("[F]orfeitures are limited to property interests that would not have been acquired or maintained but for the defendant's [criminal] activities."). Like other factors at sentencing, the government must prove the

but-for nexus between defendant's crimes and the forfeitable assets by a preponderance of the evidence. <u>United States</u> v. <u>Keene</u>, 341 F.3d 78, 85-86 (1st Cir. 2003).

Defendant contends that the government has not met its burden of proving that all of Air Tight's net income represents "proceeds" of unlawful activity. He also argues that the large size of the forfeiture money order requested violates the Excessive Fines clause of the Eighth Amendment.

The Court concludes that the government has more than satisfied the low threshold of proving, by a preponderance of the evidence, that Air Tight would not have generated those proceeds but for defendants' unlawful activity.

At his Rule 11 hearing, defendant agreed that the government would have been able to prove certain facts if the case had proceeded to trial, including that he had bribed CLEAResult employees in exchange for their "assist[ance] in having CLEAResult select Air Tight as an approved contractor for Mass Save projects." Docket No. 133 at 16. But for the bribes, Air Tight would not have won any Mass Save contracts because without the bribes, Air Tight would not have been approved as a CLEAResult contractor. The bribes did not stop after Air Tight was approved: CLEAResult continued to award Mass Save contracts to Air Tight and, in return, Joseph continued to send money to Christopher to contribute his portion of the bribes. As such,

the government has shown, by a preponderance of the evidence, that but for Joseph's bribing of Darlington and Marra, Air Tight would not have been selected for the Mass Save projects that brought in $7.4 million in revenue.

With respect to defendant's Eighth Amendment claim, he contends that the $3.6 million sought is "grossly disproportional to the gravity of [his] offense." United States v. Bajakajian, 524 U.S. 321, 328 (1998). This Circuit, in agreement with its sister circuits, has held that forfeiture of the proceeds of criminal activity does not constitute an unconstitutionally excessive fine. United States v. Candelaria-Silva, 166 F.3d 19, 44 (1st Cir. 1999); see, e.g., United States v. Sum of $185,336.07, 731 F.3d 189, 194 (2d Cir. 2013); United States v. Jamal, 499 F.3d 347, 354-55 (4th Cir. 2010); United States v. Betancourt, 422 F.3d 240, 250-51 (5th Cir. 2005); United States v. 22 Santa Barbara Drive, 264 F.3d 860, 874 (9th Cir. 2001); United States v. Funds on Deposit at Bank One, 393 F. App'x 391, 392 (7th Cir. 2010). That is because an order of forfeiture of the proceeds of one's crimes is not punitive but rather simply "parts the owner from the fruits of the criminal activity." United States v. Alexander, 32 F.3d 1231, 1236 (8th Cir. 1994). The money judgment sought is directly proportional to defendant's crimes. There is no Eighth Amendment violation.

## III. <u>Motion for Release and Stay of Forfeiture Pending Appeal</u>

Defendant Christopher Ponzo seeks release pending appeal pursuant to 18 U.S.C. § 3143(b). That provision requires a defendant to establish, <u>inter alia</u>, that his appeal "raises a substantial question of law or fact" likely to result in reversal or a more favorable sentence. The relevant provision of §3143(b)

> breaks down into two distinct requirements: (1) that the appeal raise a substantial question of law or fact and (2) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or [a more favorable sentence].

<u>United States</u> v. <u>Bayko</u>, 774 F.2d 516, 522-23 (1st Cir. 1985). Christopher identifies legal questions sufficient to satisfy the first requirement but not the second.

Defendant challenges this Court's findings at his sentencing that certain specific offense characteristics apply, thereby increasing his total offense level and his guideline range. Even an erroneous guidelines calculation, however, does not constitute reversable error if "the district court or the record make clear that the court found the sentence appropriate despite the Guidelines range." <u>United States</u> v. <u>D'Angelo</u>, 110 F.4th 42, 53 (1st Cir. 2024) (citing <u>United States</u> v. <u>Monson</u>, 72 F.4th 1, 14 (1st Cir. 2023)).

Here, the Court found on the record that even if specific offense characteristics were not applicable, an upward variance would be warranted because the crimes committed were more egregious than what was reflected in defendant's calculated total offense level.

Defendant maintains that the Court's decision to upwardly vary was grounded solely in its erroneous belief that defendant accrued more than $13 million from his scheme. His mistaken reading of the sentencing transcript ignores the Court's expressed reasoning for what would justify an upward variance, i.e., defendant's central role in orchestrating the bribery scheme, his lies to federal investigators, the duration of the scheme and, finally, the extraordinary amount of ill-gotten gains. Even if those gains were less than calculated by the district judge, an upward variance would have been warranted under the circumstances. See United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008) (A federal court's explanation for a variance must be "rooted either in the nature and circumstances of the offense or the characteristics of the offender; . . . add up to a plausible rationale; and . . . justify a variance of the magnitude in question.").

Finally, defendant argues that this Court should stay the forfeiture order pursuant to Fed. R. Crim. P. 32.2(d). One factor that would justify such a stay would be a likelihood of

-7-

success on appeal but, for the reasons elaborated herein, the Court finds no such likelihood.

Defendant asserts that he self-generated 93% of the revenue that he earned from the Mass Save projects and is therefore entitled to it, notwithstanding the fact that he paid the bribes. He admits he paid bribes of over One Million Dollars but would have the Court believe that it was in exchange for less than $200,000 worth of contracts. That is ludicrous. A stay of the forfeiture order is unwarranted.

## ORDER

For the foregoing reasons,

- the government's motion for forfeiture (Docket No. 164) is **ALLOWED**; and

- the motion of defendant Christopher Ponzo for release and stay of forfeiture pending appeal (Docket No. 172) is **DENIED**.

So ordered.

Nathaniel M. Gorton
United States District Court

Dated: March 19, 2025